# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED PARCEL SERVICE OF
AMERICA, INC.,

    Plaintiff,

    v.

JOHN DOES ONE through TEN,

    Defendants.

CIVIL ACTION FILE
NO.   **1:03-CV-1639**

**JTC**

## PLAINTIFF'S EMERGENCY MOTION FOR LEAVE
## TO CONDUCT LIMITED EXPEDITED DISCOVERY

Plaintiff United Parcel Service of America, Inc. ("UPS") moves the Court

pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and Local Rule

7.2B for an Order:  (a) allowing UPS to conduct certain limited discovery

immediately; and (b) requiring the third parties upon whom UPS serves discovery

subpoenas to respond to the subpoenas within three (3) calendar days of the date of

service.

UPS requires limited expedited discovery in this case to identify the

Defendants, their locations and legal status for purposes of serving UPS's

Complaint upon them pursuant to F.R.C.P. Rule 4. As set forth more fully in UPS's Complaint, Defendants have sent, and are continuing to send, thousands of unsolicited commercial bulk emails (also known as "SPAM") to UPS's customers and other Internet users located throughout the United States. Defendants have falsified the header information in their SPAM emails in a way that makes the emails appear to have originated from UPS or its employees. The emails promote adult related goods or services unrelated to UPS, including penis enlargement drugs, sexual items, and sexually explicit adult Web sites.

Upon information and belief, Defendants have made their SPAM emails appear to have originated from UPS for several reasons, including: (1) to hide the Defendants' true identities and locations; (2) to evade SPAM filters that would otherwise delete or block their messages; and (3) to dupe recipients into opening the emails on the mistaken belief that the emails originated from a legitimate source, namely, UPS.

The Defendants' malicious and willful conduct is causing substantial damage to UPS's business reputation and goodwill with its customers and other members of the public. UPS has received dozens of complaints from outraged members of the public who believe, mistakenly, that UPS is responsible for sending them the offensive emails. UPS has been forced to devote a substantial

-2-

amount of time, effort and money to respond to consumer complaints regarding the emails and to repair the injury to UPS's goodwill that that the Defendants' emails have caused.

Time is of the essence to UPS in identifying and locating the Defendants. The computer logs and other information that UPS will need to obtain from Internet service providers and other third parties to identify and locate the Defendants are typically only maintained for a few days. Furthermore, the Internet Web pages to which Defendants' emails direct recipients of their e-mails are typically only active for a few hours or days, and the Web hosting providers that host Defendants' offensive content only maintain their logs showing the locations and, possibly, identities of the individuals who have uploaded data to those Web pages for a few days. Any delay in the service of subpoenas on third parties in possession of such information could prevent UPS from ever being able to identify the Defendants. Furthermore, delay will in all likelihood lead to continued e-mails by Defendants and the continued harassment of additional UPS customers and other Internet users.

Because Defendants have conducted their attacks in a manner designed to mask their identities, UPS anticipates that it will need to pursue discovery through several layers of companies to obtain the information that it needs to identify the

-3-

Defendants.  It is therefore imperative that each third-party served with a discovery subpoena be required to respond quickly so that UPS can obtain discovery from any companies located further "upstream" before relevant computer logs and other documents are destroyed.

District Courts have broad power to permit expedited discovery in appropriate cases.  *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 Civ. 3841, 1997 U.S. Dist. LEXIS 15957 at * 58 (S.D.N.Y. Oct. 14, 1997); *see First Commonwealth Corp. v. Public Investors, Inc.*, No. 90-3316, 1990 U.S. Dist. LEXIS 12743 at * 2 (E.D. La. Sept. 25, 1990) (noting that "it is clear from the language that the rules intend to vest discretion in the Court to … shorten the time for [discovery].").  Expedited discovery is particularly appropriate where, as here, a plaintiff seeks injunctive relief.  *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).  Accordingly, courts have ordered that expedited discovery take place with responses to discovery requests due in as few as three (3) days.  *See First Commonwealth Corp.*, 1990 U.S. Dist. LEXIS 12743 at *2.

Because of Defendants' ongoing abusive conduct and the danger of the routine destruction of essential records, it is critical for UPS to secure the requested discovery immediately.  UPS therefore respectfully requests that the Court order that discovery begin immediately in this action for the limited purposes of:  (1)

-4-

determining Defendants' identity, location, and legal status; and (2) preserving any information necessary for UPS to prosecute its claims against the Defendants. UPS further requests that the third parties upon whom UPS serves discovery pursuant to the Court's Order be required to respond to the discovery within three (3) calendar days of the date of service.

A proposed Order in the form recommended by UPS is attached hereto as Exhibit A.

## CERTIFICATION

Counsel for Plaintiff certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1B.

ATL01/11438815v2

Respectfully submitted, this 11th day of June, 2003.

_Andrew J. Wilson_

RICHARD R. HAYS
Georgia Bar No. 340920
DAVID J. STEWART
Georgia Bar No. 681149
ANDREW J. WILSON
Georgia Bar No. 737599
MATTHEW J. URBANAWIZ
Georgia Bar No. 722672

ALSTON & BIRD LLP
One Atlanta Center
1201 West Peachtree Street
Atlanta, Georgia, 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for Plaintiff
UNITED PARCEL SERVICE OF
AMERICA, INC.
Facsimile: (404) 881-7777



# EXHIBIT / ATTACHMENT

## A

(To be scanned in place of tab)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED PARCEL SERVICE OF
AMERICA, INC.,

     Plaintiff,

     v.

JOHN DOES ONE through TEN,

     Defendants.

CIVIL ACTION FILE
NO.   **1·03-CV-1639**

## ORDER

**WHEREAS,** Plaintiff has filed an emergency motion requesting expedited discovery for the limited purposes of (a) securing the information necessary to identify the Defendants and determine the Defendants' locations and legal status and (b) preserving the information necessary for Plaintiff to prosecute its claims against Defendants; and

**WHEREAS** the Court has reviewed the record and Plaintiff's motion and has determined that Plaintiff has just need for the expedited discovery it requests by way of its motion,

**IT IS HEREBY ORDERED** that Plaintiff shall be permitted to take discovery immediately for the limited purposes of identifying the Defendants, determining the Defendants' location and legal status, and preserving evidence necessary for trial.

**IT IS FURTHER ORDERED** that Plaintiff may require full and complete responses to any subpoenas or other discovery it serves pursuant to this Order within three (3) calendar days of service.

SO ORDERED, this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE

ATL01/11438815v2